J-S03021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH WATSON | |
| Appellant | No. 986 EDA 2015 |

Appeal from the PCRA Order March 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1206401-1998

BEFORE: FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 16, 2016**

Joseph Watson appeals *pro se* from the order entered March 23, 2015, in the Court of Common Pleas of Philadelphia County, that dismissed as untimely his third petition for relief, filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Watson claims the PCRA court erred "in dismissing appellant['s] PCRA petition/application for reinstatement of his appellate rights, that was not addressed by the court." Watson's Brief at 6. We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On February 4, 2000, following a jury trial, [Watson] was convicted of involuntary deviate sexual intercourse, aggravated assault, and possession of an instrument of crime. On September 22, 2000, [Watson] was resentenced to an aggregate term of twenty-two and a half to forty-five years' incarceration. On September 12, 2003, following a direct appeal, the Superior

Court affirmed the judgment of sentence.[2]  [Watson] did not file for allowance of appeal.

On April 15, 2004, [Watson] filed a timely PCRA petition. On May 11, 2005, the PCRA court denied the petition.  The Superior Court affirmed [the PCRA] court's denial of [Watson's] petition on September 29, 2006.[3]  The Pennsylvania Supreme Court denied his petition for allowance of appeal on April 13, 2007.[4]

On July 8, 2009, [Watson] filed his second PCRA petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Watson] was served notice of the [PCRA] court's intention to dismiss his PCRA petition on July 19, 2010. On June 13, 2011, the [PCRA] court dismissed [Watson's] petition as untimely.  On December 13, 2012, following a direct appeal, the Superior Court affirmed the dismissal of [Watson's] PCRA petition.[5]

On June 4, 2014, [Watson] filed his third *pro se* PCRA petition, the dismissal of which is the subject of the current appeal.  On September 26, 2014, the PCRA court issued notice of intent to dismiss pursuant to Rule 907.

_____

[2] ***Commonwealth v. Watson***, [835 A.2d 838] 3150 EDA 2000 (unpublished memorandum) (Pa. Super. Sept. 12, 2003).

[3] ***Commonwealth v. Watson***, [911 A.2d 188] 1465 EDA 2005 (unpublished memorandum) (Pa. Super. Sept. 29, 2006).

[4] ***Commonwealth v. Watson***, [921 A.2d 496] 602 EAL 2006 (Pa. Apr. 13, 2007).

[5] ***Commonwealth v. Watson***, [64 A.3d 18] 1733 EDA 2011 (unpublished memorandum) (Pa. Super. Dec. 13, 2012).

_____

PCRA Court Opinion, 4/22/2015, at 1–2.  On March 23, 2015, the court dismissed Watson's PCRA petition as untimely.  This timely appeal followed.

Watson was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

The principles that guide our review are well settled:

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. **Commonwealth v. Phillips**, 2011 PA Super 231, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 2005 PA Super 219, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.** (citing **Commonwealth v. Carr**, 2001 PA Super 54, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

We must first address whether Appellant satisfied the timeliness requirements of the PCRA. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (Pa. 2000). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead

- 3 -

and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

*Commonwealth v Lawson*, 90 A.3d 1, 4–5 (Pa. Super. 2014) (footnote omitted).

In its opinion, the PCRA court found that Watson's present PCRA petition was untimely. The PCRA court also determined that, although Watson advanced a claim based upon the new constitutional right announced in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Watson failed to file his petition within 60 days of the date the claim could have been presented, as required by 42 Pa.C.S. § 9545(b)(2). *See* PCRA Court Opinion, 4/22/2015, at 3. Further, the PCRA court found Watson failed to satisfy the "newly recognized constitutional right" exception to the PCRA's bar, 42 Pa.C.S. § 9545(b)(1)(iii), since *Alleyne* has not been afforded retroactive effect by our Supreme Court or the United States Supreme Court. *See* PCRA Court Opinion, *supra* at 3–4, *citing* *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Finally, the PCRA court determined that Watson's remaining claims, including ineffective assistance of counsel, malicious prosecution, trial court error, and fraud — which we interpret as the claims presented in support of his request for reinstatement of direct appeal rights — do not satisfy any exception to the PCRA's timeliness requirements. Accordingly, the PCRA court concluded it lacked jurisdiction to entertain Watson's third PCRA petition.

Having carefully reviewed the record, the applicable law, and the well-reasoned opinion of the PCRA court, we agree that Watson's present petition is untimely and that no timeliness exception applies. The PCRA court's opinion aptly addresses Watson's claims. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.[1]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2016

---

[1] In the event of further proceedings, we direct the parties to attach a copy of the PCRA court's 4/22/2015 Opinion to this memorandum.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH                    :

                                :        CP-51-CR-1206401-1998

        VS.                     :

                                :

                                :

                                :        CP-51-CR-1206401-1998 Comm. v. Watson, Joseph

JOSEPH WATSON,                  :              Memorandum Opinion

        Petitioner             :

                        **OPINION**

                                         7285214211

MINEHART, J

The lower court dismissed the Post-Conviction Relief Act ("PCRA") petition filed on June 4, 2014 for the reasons set forth below.[1]

## PROCEDURAL HISTORY

On February 4, 2000, following a jury trial, Petitioner was convicted of involuntary deviate sexual intercourse, aggravated assault and possession of an instrument of crime. On September 22, 2000, Petitioner was resentenced to an aggregate term of twenty-two and a half to forty-five years' incarceration. On September 12, 2003, following a direct appeal, the Superior Court affirmed the judgment of sentence.[2] Petitioner did not file for allowance of appeal.

On April 15, 2004, Petitioner filed a timely PCRA petition. On May 11, 2005, the PCRA court denied the petition. The Superior Court affirmed the lower court's denial of Petitioner's petition on September 29, 2006.[3] The Pennsylvania Supreme Court denied his petition for allowance of appeal on April 13, 2007.[4]

On July 8, 2009, Petitioner filed his second PCRA petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the lower court's intention to dismiss his PCRA

---

[1] The Order was issued more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his Post Conviction Relief Act petition. Pa.R.Crim.P. 907.
[2] *Commonwealth v. Watson*, 3150 EDA 2000(unpublished memorandum)(Pa. Super. Sept. 12, 2003).
[3] *Commonwealth v. Watson*, 1465 EDA 2005(unpublished memorandum)(Pa. Super. Sept. 29, 2006).
[4] *Commonwealth v. Watson*, 602 EAL 2006(Pa. Apr. 13, 2007).

1

petition on July 19, 2010. C June 13, 2011, the lower court dismissed Petitioner's petition as untimely. On December 13, 2012, following a direct appeal, the Superior Court affirmed the dismissal of Petitioner's PCRA petition.[5]

On June 4, 2014, Petitioner filed his third *pro se* PCRA petition, the dismissal of which is the subject of the current appeal. On September 26, 2014, the PCRA court issued its notice of intent to dismiss pursuant to Rule 907. On March 23, 2015, the PCRA court dismissed Petitioner's petition again as untimely. On March 31, 2015, the instant notice of appeal was filed to the Superior Court.

## DISCUSSION

Petitioner's present PCRA petition was untimely filed and none of the exceptions to the time-bar are applicable. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson,* 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[5] *Commonwealth v. Watson,* 1733 EDA 2011(unpublished memorandum)(Pa. Super. Dec. 13, 2012).

2

42 Pa.C.S.A. § 9545(b)(1)(i, .ii). Subsection 9545(b)(1)(iii) is the newly-recognized, and retroactively-applied, constitutional right exception.

> Subsection (iii) of Section 9545[ (b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer,* 941 A.2d 646, 649–50 (Pa. 2007) (quoting *Commonwealth v. Abdul–Salaam,* 812 A.2d 497, 501 (Pa. 2002)).

Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the PCRA court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor,* 753 A.2d 780, 783 (2000).

Petitioner's judgment of sentence became final on October 12, 2003, thirty days after the Superior Court affirmed his judgment of sentence. His current petition, filed on June 4, 2014 is therefore facially untimely because it was not filed within one year of the date his judgment of sentence became final.

In attempt to satisfy the PCRA's timeliness exception, Petitioner advanced a claim based upon the new constitutional right announced in *Alleyne v. United States,* 133 S.Ct. 2151 (2013). Petitioner's petition failed however to satisfy the PCRA time-bar in two distinct, but equally fatal ways; first, his petition failed to invoke the exception within sixty days of the date the claim could have been presented, namely June 17, 2013, the date the United States Supreme Court decided *Alleyne*. Petitioner's petition was not filed until June 4, 2014, well beyond the sixty-day mandate. Second, in the recent decision

3

*Commonwealth v. Miller*, 1<span></span> A.3d 988, 995 (Pa. Super. 2014), the Superior Court concluded that "even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively[6] to cases in which the judgment of sentence had become final." Thus, his petition failed to satisfy the "newly recognized constitutional right" exception specified in 42 Pa.C.S. § 9545(b)(iii).

Petitioner further attempted to address the PCRA time-bar in response to the court's notice of intent to dismiss pursuant to Rule 907 by advancing various claims relating to ineffective assistance of counsel, malicious prosecution and trial court error.[7] Petitioner posited that the PCRA court maintains inherent power to remedy fraud, in circumvention of 42 Pa.C.S. § 9545(b). These claims, including the allegations of fraud, which were addressed on a prior appeal,[8] failed to successfully plead and prove an exception the PCRA's timeliness requirements. The lower court therefore lacked jurisdiction to formally explore any of the substantive claims presented by Petitioner. Accordingly, for the reasons stated herein, it is suggested that the decision of the court dismissing the PCRA petition be affirmed.

BY THE COURT:

HON. JEFFREY P. MINEHART

---

[6] *See e.g., Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied*, 951 A.2d 1163 (2008).

[7] Petitioner submitted three responses styled, "Motion to provide funds for the defendant's to hire an hand writing analysis expert," "Motion to provide funds for the defendant's to hire an investigator," and "Motion evidentiary request pursuant to 42 Pa.C.S.A. § 9545(d) and rule 908."

[8] Petitioner's allegations of fraud were raised and addressed on appeal following the dismissal of his second PCRA petition. *See Commonwealth v. Watson*, 1733 EDA 2011(unpublished memorandum)(Pa. Super. Dec. 13, 2012).

4